**Abatement Order filed July 10, 2018**



In The

# Fourteenth Court of Appeals

———————

NO. 14-18-00449-CV

———————

**JEFFERY A HARBERSON, Appellant**

**V.**

**WILLIAM C KENDRICK, Appellee**

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 17-CV-0060**

## ABATEMENT ORDER

This appeal is from a judgment signed April 9, 2018. The notice of appeal was due within 30 days after the judgment was signed, and one 15-day extension is permitted. Tex. R. App. P. 26.1. Therefore, the notice of appeal was due May 24, 2018. The notice of appeal contained in the clerk's record bears a handwritten date of May 24, 2018, was postmarked May 25, 2018, and was filed May 29, 2018.

Appellant alleges he did not receive notice of the judgment until May 24, 2018. Specifically, he alleges:

I received the letter of dismissal on (May the "24") here at Stevenson Unit. The letter from (Linda Scott) in John D. Kinard's office, District Clerk of Galveston Cty, was written on 4/20/18. It was marked in the Houston Postal system 4/30/18. Therefore 21 days were taken of the 30 days of which I am now aware of. I guess the other 24 days it took to get here from my previous unit, Holliday.

If a party affected by a judgment has not—within 20 days after the judgment was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. *See* Tex. R. App. P. 4.2(a). The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a(5). Tex. R. App. P. 4.2(b).

Texas Rule of Civil Procedure 306a.5, in turn, provides in relevant part:

[T]he party adversely affected [by the lack of notice or actual knowledge of the judgment] is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex. R. Civ. P. 306a(5). After hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment was signed. Tex. R. App. P. 4.2(c); *see also LDF Constr., Inc. v. Texas Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (date of notice or actual knowledge must be established by competent proof and included in written order signed by trial judge).

Accordingly, we ABATE this appeal and remand to the trial court for a hearing and signing of an order finding the date when appellant first either received

notice or acquired actual knowledge that the order was signed. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court by **September 10, 2018.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.